## SAMUEL G. TELFORD
### v.
## JULIA E. TELFORD.

*Negotiable Instruments—Note—Principal and Surety –Notice to Sue—Evidence.*

In an action brought upon a promissory note, it being contended by the surety thereon that after its maturity he notified the payee to put the same in suit, and that her failure to do so within a reasonable time released him from liability, the evidence being conflicting, this court declines to interfere with verdict for plaintiff.

[Opinion filed June 15, 1889.]

APPEAL from the Circuit Court of Marion County; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs. W. & E. L. STOKER, for appellant.

Messrs. CASEY & DWIGHT, for appellee.

REEVES, J. This suit was brought by appellee against W. H. Telford, James H. Gallagher, Eben Ashton and Samuel G. Telford, to recover the amount due on a promissory note made by the defendants, payable to appellee. Only W. H. Telford and Samuel G. Telford were served with process, and the case progressed to judgment against the defendants served. Samuel G. Telford prosecutes this appeal. He alone filed pleas.

There were two special pleas, the first alleging that Samuel G. Telford and the other defendants, except W. H. Telford, signed the note sued on as security for W. H. Telford, and with notice of this fact appellee, after the maturity of the note and without the knowledge or consent of Samuel G. Telford, extended the time of payment to W. H. Telford upon a consideration paid to her by him.

The second special plea sets up the fact that Samuel G. was security for William H., and that after the note matured, he, Samuel G., did notify appellee in writing forthwith to put the note in suit, which she failed to do for a long time thereafter, by means whereof Samuel G. was released from liability as such security.

To sustain the first special plea there was no evidence. Upon the issue raised by the second special plea there was a very sharp conflict in the testimony. The testimony of the several witnesses could not be reconciled. The jury who tried the issue of fact were driven to the necessity of believing the witnesses on one side and disbelieving the witnesses on the other, or fail in making a verdict. They gave credence to appellee and her witness, and discredited appellant and his witnesses, and found a verdict for appellee.

It is specially the province of a jury in case of such conflict in the testimony, to decide what credence they will give the witnesses who directly contradict each other, and say which they will believe and which disbelieve. They have a much better opportunity to measure the credence to be given the witnesses than an appellate court. They have the witnesses before them, can scan closely their manner of testifying, observe the candor of the several witnesses, and from all the surroundings of the case as it unfolds before them, reach a much more satisfactory conclusion as to where the truth lies, than one who merely reads what is written down, as the words used by the witnesses in giving their testimony.

We are not prepared to say that the jury were not correct in their finding in this case, much less that the verdict was so manifestly against the weight of the evidence that it should be set aside. The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*